## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 158 | **DATE** | 2/13/2008 |
| **CASE TITLE** |  | Robert Clark (#2004-0096333) vs. Miceal Shiehan | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to reconsider in forma pauperis [7] is denied. Plaintiff's application to proceed in forma pauperis [8] is denied. Plaintiff has asked, in the alternative to his motion for reconsideration, for a one-month extension of time to allow him the opportunity to obtain funds to pay the required filing fee. We therefore grant Plaintiff a one-month extension until March 10, 2008, to pay the filing fee. Plaintiff is further instructed that failure to pay the filing fee by March 10, 2008, will result in the dismissal of his case.

■[ For further details see text below.]                                                                 Docketing to mail notices.

### STATEMENT

     This matter is before the court on Plaintiff Robert Clark's ("Clark") motion to reconsider and motion for leave to proceed *in forma pauperis*. On January 11, 2008, we denied Clark's motion for leave to proceed *in forma pauperis* since Clark did not provide accurate information on his *in forma pauperis* application form. On his initial *in forma pauperis* application form, Clark indicated that he had not received over $200 in the past twelve months from any source. However, we noted that a copy of Clark's prison trust account that was attached to his application indicated that Clark had, in fact, received over $500 in only the previous nine months. We therefore denied Clark's motion for leave to proceed *in forma pauperis* and gave Clark until February 12, 2008, to pay the filing fee. We further warned Clark that failure to pay the filing fee by February 12, 2008, would result in his action being dismissed.

     Clark has filed a motion for reconsideration arguing that he did not understand that the *in forma pauperis* application form required him to report gift money orders sent by family members. We note that the *in forma pauperis* application form unambiguously requires applicants to provide amounts received for more than $200 either as "gifts" or from "any other source." (Mot. IFP Par. 3). On his initial *in forma pauperis* application form, Clark checked "no" two different times, indicating both that he had not received

**STATEMENT**

more than $200 in gifts or $200 from "any other source." (Mot. IFP Par. 3).

Clark also indicates in his motion for reconsideration that he has filed a complete *in forma pauperis* application form with the necessary corrections. Clark's revised *in forma pauperis* application form does state that he receives $55.00 a month from his mother. Clark has also attached an updated copy of his prison trust account, which together with the prison trust account document submitted with his first *in forma pauperis* application form, shows that Clark has actually received over $600 in the past nine months. We note that Clark is presently incarcerated and is provided with the necessities of life by the State of Illinois. *See, e.g., Lumbert v. Illinois Dept. of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987)(stating that prisoners are provided with the necessities of life by the state and that the discretionary funds of the prisoner should be used toward the costs of a lawsuit). Thus, despite the fact that Clark has updated his *in forma pauperis* application form, Clark has still not shown himself to be sufficiently indigent to warrant granting his motion for leave to proceed *in forma pauperis*. Therefore, Clark's motion for reconsideration and renewed motion for leave to proceed *in forma pauperis* are denied.

Clark has asked, in the alternative to his motion for reconsideration, for a one-month extension of time to allow him the opportunity to obtain funds to pay the required filing fee. We therefore grant Clark a one-month extension until March 10, 2008, to pay the filing fee. Clark is further instructed that failure to pay the filing fee by March 10, 2008, will result in the dismissal of his case.